IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| William Howard Rutland, III, ) | |
| ) | Civil Action No. 8:09-274-SB-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Sheriff L.C. Knight; Cpt. ) | |
| Terry Van Doran; Southern ) | |
| Health Partners; and Dr. ) | |
| Wimberly, Sr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants Southern Health Partners and Dr. Wimberly's motion for summary judgment (Dkt. # 26); the defendants Sheriff Knight and Cpt. Van Doran's motion for summary judgment (Dkt. # 40); and the plaintiff's motions to dismiss (Dkt. # 33 and 45).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 5, 2009, seeking damages for alleged civil rights violations. On June 25, 2009, the defendants Southern Health Partners and Dr. Wimberly filed a motion for summary judgment. (Dkt. # 26.) On June 26, 2009, pursuant

to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 27.) On July 6, 2008, the plaintiff filed an affidavit in which he sets forth his claims in more detail and refers to the affidavits filed with the defendants' summary judgment motion. (Dkt. # 28.) Then, on July 8, 2009, the plaintiff filed his own motion to dismiss. (Dkt. # 33.)

On July 29, 2009, the defendants Sheriff Knight and Cpt. Van Doran filed a separate motion for summary judgment. (Dkt. # 40.) On July 30, 2009, the plaintiff was again advised of the summary dismissal procedure pursuant to *Roseboro*. (Dkt. # 41.) On August 12, 2009, the plaintiff filed a response in which he states he opposes the defendants' summary judgment motion.[1] (Dkt. # 44.) On the same day, he also filed a partial motion to dismiss in which he seeks to have the defendants Knight and Van Doran dismissed. (Dkt. # 45.)

---

[1]This motion was actually docketed as a response in opposition to the defendants Southern Health Partners and Dr. Wimberly's summary judgment motion (Dkt. # 26). In light of the plaintiff's motion to dismiss the defendants Sheriff Knight and Cpt. Van Doran which was filed on the same day, this seems logical. However, it is not entirely clear as to which summary judgment motion this response was directed because in this response the plaintiff specifically refers to the affidavit of the defendant Cpt. Van Doran which was filed only with the defendants Knight and Van Doran's summary judgment motion (Dkt. # 33). In any event, it appears that the issues presented in both pending summary judgment motions have been sufficiently addressed and argued by the parties and are now ripe for resolution.

## FACTS PRESENTED

In his complaint, the plaintiff alleges that he has been denied proper medical care. He states that when he was booked into the Dorchester County Detention Center ("DCDC") on December 22, 2008, he was taking several prescription medications because of a previous head injury. (Compl. at 4.) He alleges he filed numerous sick call requests, but he never received his prescribed medications. (*Id.*) The plaintiff alleges that he was seen only by a nurse and the medical staff would not allow him to see the physician. (*Id.*)

He then alleges that a half of a pill was found in his property and based upon Nurse Cathy Alto's erroneous identification of it as a narcotic, Loritab, he was disciplined. (*Id.*) The plaintiff alleges the pill was an antibiotic. (*Id.*) He states he was placed in lock-up, and denied exercise and showers for five days. (Compl. at 4.)

He also alleges he was denied the right to make a phone call after he was booked. He acknowledges that he was told he could make a collect call, but he states that his family members have government jobs and cannot accept collect phone calls. (Compl. at 4.) He states that as of the date he filed his complaint, he still had not spoken with his family. (*Id.*) Finally, the plaintiff alleges that his attorney was incorrectly told that he had bonded out of the DCDC and that his attorney searched for him for ten days. (*Id.*)

The plaintiff is seeking actual and punitive damages and he requests that the defendant Knight reassign the defendant Van Doran and replace the defendants Southern Health Partners and Dr. Wimberly. (Compl. at 5.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the

existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

**Defendants' Summary Judgment Motions**

As noted above, the defendants Southern Health Partner and Dr. Wimberly and Sheriff Knight and Cpt. Van Doran have filed two separate motions for summary judgment. In their motions, the defendants allege that the plaintiff has failed to state a claim of deliberate indifference to the plaintiff's medical needs. Further, the defendants Sheriff Knight and Cpt. Van Doran contend that they are not liable as supervisors nor as non-medical personnel. The defendants Kinght and Van Doran also allege that the plaintiff has failed to state any constitutional claim regarding his allegations about his inability to phone home. Finally, the defendants Knight and Van Doran argue that these claims should be dismissed as the plaintiff failed to exhaust his administrative remedies prior to filing this action. The undersigned agrees.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had

5

actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Estelle*, 429 U.S. at 105-06. Claims of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318, 318-19 (4th Cir. 1975). Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Further, the Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendants.

Turning to the plaintiff's allegations, the plaintiff alleges that he was denied prescription medication and the medical staff would not allow him to see the physician. He

states that he "was unhappy that nurses not a doctor were answering sick calls." (*Id.* at ¶ 20.)  In his affidavit, the plaintiff acknowledges that he was prescribed Motrin, Zantac, and Naproxen.  However, he avers that he was denied prescriptions for Remeron, Vistaril, Pepcid, and Ibupropen.  (Dkt. # 28 - Pl.'s Aff. at ¶ 7.)[2]  The plaintiff avers that he "was forced to accept Zantac for [his] acid reflux and indigestion . . . " (*Id.* at ¶ 15.)

First, the plaintiff's medical records establish that the plaintiff was receiving medical care while at the DCDC.  (Dkt. # 26, Attach. #2 -Defs. Southern Health Partners and Dr. Wimberly's Mem. Supp Summ. J. Mot. Ex. to Nurse Mchatton's Aff.)   Additionally, the plaintiff does not dispute that he was receiving medical care in response to his sick call requests.  (Dkt. # 28- Pl.'s Aff. ¶ 20.)  However, he was merely unhappy that he was being seen by nurses rather than a doctor and further he was unhappy that he was prescribed a different medication to treat his acid reflux.[3]   (*Id.* ¶¶ 7-8; 20.)   As noted above, mere disagreements between an inmate and medical personnel over the diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. *Wright*, 766 F.2d at 849.

Second, the plaintiff has failed to set forth any injury which resulted from any alleged denial of medical care.  The plaintiff fails to show, or even allege, an injury cognizable under § 1983.  *Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976) (holding to state a claim of medical

---

[2]Remeron is an anti-depressant and Vistaril is an anti-anxiety medication.

[3]The undersigned further notes that Motrin is Ibuprofen.

indifference, plaintiff must allege a specific injury as a result of the specific conduct of defendant, and show affirmative link between the injury and that conduct).  As the plaintiff has not provided evidence of any physical injury as a result of his allegations of medical indifference, he is not entitled to recover for mental anguish or emotional distress under 42 U.S.C. § 1983.

Finally, the plaintiff also claims a nurse misidentified a drug that resulted in the plaintiff being disciplined. In his compliant he specifically alleges "Nurse Cathy Alto" labeled the pill Loritab.  (Compl. at 4.)  In his affidavit, the alleges Nurse Cathy McHatton misidentified the pill.  (Pl.'s Aff. at ¶ 12.)  Even assuming a nurse misidentified the medication, the plaintiff has not named any nurse as a defendant in this action.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  *See, e.g., Monell v. Dept. of Social Svs.,* 436 U.S. 658, 691-92 (1978).

Further, a medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977).  To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization

8

of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994). In the context of a medical indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison medical provider's performance, or was indifferent to a prison medical provider's constitutional violation. *Miltier,* 896 F.2d 848 at 854. There are no allegations which would support liability against any of the defendants under the theory of supervisory liability.[4] Accordingly, based on the foregoing, the undersigned recommends that the defendants' motions for summary be granted.

**Plaintiff's Motions to Dismiss**

After the defendants had answered and after Southern Health Partners and Dr. Wimberly filed their summary judgment motion, the plaintiff filed a motion to dismiss this action "in a way as to allow plaintiff to re-file correctly." (Dkt. # 33.) In his motion, the plaintiff states he made mistakes in who he sued and who could not be held liable. He also states that he is incarcerated again and cannot easily access vital documents which would prove his claims. The plaintiff has also filed a partial motion to dismiss the defendants Sheriff Knight and Cpt. Doran. (Dkt. # 45.) In this motion, the plaintiff states that he has

---

[4]Alternatively, the undersigned recommends this action be dismissed based upon the plaintiff's failure to exhaust his administrative remedies before filing this action. (See Dkt. # 40- Defs. Knight and Van Doran's Mem. Supp. Summ. J. Mot. 2-5.) Exhaustion is a prerequisite to suit that must be completed prior to filing an action. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005).

never claimed that these defendants violated his constitutional rights and therefore they should be dismissed.

An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1).  However, once the defendant has answered or filed a motion for summary judgment,  Fed. R. Civ. P. 41(a)(2) requires leave of court for a voluntary dismissal without prejudice.  Whether to grant such a motion is within this court's discretion. *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). As noted above, the plaintiff's motions to dismiss were filed after the defendants had answered and thus the plaintiff must obtain leave of court to dismiss this action or any defendants without prejudice.  As the undersigned recommends that the defendants' summary judgment motions be granted, as discussed above, the plaintiff's motions to dismiss without prejudice should be denied as moot.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants Southern Health Partners and Dr. Wemberly's Motion for Summary Judgment (Dkt #26) and the Defendants Knight and Van Doran's Motion for Summary Judgment (Dkt. # 40) be GRANTED; the Plaintiff's Motions to Dismiss (Dkt. # 33 and 45) be Denied and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 2, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice below.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).